UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHNATHAN S. ABRAHAM,<br><br>         Plaintiff,<br><br>    v.<br><br>PAUL RYAN,<br><br>         Defendant. | Case No. 2:23-cv-00101-GMN-EJY<br><br>**ORDER** |

This matter comes before the Court on Plaintiff's application to proceed *in forma pauperis* and civil rights Complaint (ECF Nos. 1, 1-1).

**I.      Application for *in forma pauperis*.**

Plaintiff, a non-inmate, filed an application to proceed that is complete and granted.

**II.     Screening the Complaint.**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *id*.).

**III.    Plaintiff Fails to Assert a Basis for Jurisdiction.**

The Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it, an issue it may raise at any time during the proceedings. *See, e.g.*, Fed. R. Civ. P. 12(h)(3).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). If the Court lacks subject matter-jurisdiction, an action must be dismissed. Fed. R. Civ. P. 12(h)(3).

As a general matter, if a relevant federal statute does not provide for personal jurisdiction, a "district court applies the law of the state in which the court sits." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (citing Fed. R. Civ. P. 4(k)(1)(A)). Arizona's long-arm statute is coextensive with the requirements of federal due process. Ariz. R. Civ. P. 4.2(a); *see also A. Uberti & C. v. Leonardo*, 181 Ariz. 565, 569, 892 P.2d 1354 (1995) (discussing the intention behind Arizona's long-arm statute). Consequently, the personal jurisdiction analysis under Arizona law and federal due process are the same. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004). For an exercise of personal jurisdiction to comport with federal due process, the non-resident defendant must have certain "'minimum contacts' with the forum state such that an exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Schwarzenegger*, 374 F.3d at 801 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Personal jurisdiction may be general (based on a forum connection unrelated to the underlying suit) or specific (based on an affiliation between the forum and the underlying controversy). *See, e.g.*, *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (citing *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008)).

Specific jurisdiction requires a defendant to have taken "some act by which [it] purposefully avails itself of the privilege of conduct activities within the forum State." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. ___, 141 S. Ct. 1017, 1024, 209 L.Ed.2d 225 (2021) (citation omitted). The contacts "must be the defendant's own choice and ... must show that the defendant deliberately reached out beyond its home." *Id.* at 1025 (citations omitted). The Ninth Circuit

employs a three prong test to assess whether a defendant has sufficient minimum contacts with the forum state to be subject to specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Picot*, 780 F.3d at 1211 (citing *Schwarzenegger*, 374 F.3d at 802) (internal citations omitted). The burden initially falls on the plaintiff to show the first two prongs but subsequently shifts to the defendant to show the third. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011).

Here, Plaintiff sues Marian Shields Robinson, Paul Ryan, Michelle Obama, and Janna Ryan all with addresses in Washington D.C. (in fact, the White House) asserting indecipherable claims that may have something to do with an arrest in Nevada and disability. Plaintiff fails to establish how, if at all, the District Court in Nevada would have personal jurisdiction over the defendants or subject matter jurisdiction over the claims as it is not clear on what basis they are asserted. The Court recommends Plaintiff's claims asserted against Marian Shields Robinson, Paul Ryan, Michelle Obama, and Janna Ryan, all with addresses in Washington D.C., be dismissed with prejudice for lack of personal jurisdiction.

**IV.     Plaintiff's Claims Fail to Comply with Rule 8 of the Federal Rules of Civil Procedure**.

Plaintiff's Complaint also fails to state a claim for relief. Rule 8 of the Federal Rules of Civil Procedure requires a complaint to plead sufficient facts to give a defendant fair notice of the claims against him and the grounds upon which it rests. *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997) (citations omitted). "[A] pleading may not simply allege a wrong has been committed and demand relief." *Sherrell v. Bank of Am., N.A.*, Case No. CV F 11-1785-LJO (JLT), 2011 WL 6749765, at *4 (E.D. Cal. Dec. 22, 2011). Plaintiff's allegations fails to identify a cause of action that is discernable. The Court does not know what it is that Plaintiff seeks. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed

liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief). The pleading standard established by Federal Rule of Civil Procedure 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. 678 (internal quotation omitted).  Plaintiff's Complaint names various defendants, but fails to put any defendant on notice of the claims against them as required by Rule 8. *Benitez v. Schumacher*, Case No. 2:20-cv-00396-FMO-SHK, 2020 WL 6526352, at *12 (C.D. Cal. May 4, 2020).

### V.     Plaintiff's Claims Should be Dismissed Because They are Indecipherable.

The Ninth Circuit holds that dismissal for failure to comply with Rule 8 is proper where "the very prolixity of the complaint made it difficult to determine just what circumstances were supposed to have given rise to the various causes of action." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996); *see also Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981); *Schmidt v. Herrmann*, 614 F.2d 1221 (9th Cir. 1980).  "Rule 8(a) has 'been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling.'" *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1217 (3d ed. 2010)).

A review of Plaintiff's Complaint demonstrates it is indecipherable.  Plaintiff has not identified a cause of action either explicitly or implicitly.  The Court cannot, even with a liberal eye, determine what wrongs Plaintiff has suffered by virtue of what acts or actions by any of the named defendants.

### VI.    Order.

IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

### VII.   Report and Recommendation.

IT IS HEREBY RECOMMENDED that defendants Marian Shields Robinson, Paul Ryan, Michelle Obama, and Janna Ryan be dismissed with prejudice for lack of personal jurisdiction.

IT IS FURTHER RECOMMENDED that all claims made against Oscar Goodman and John Huck be dismissed without prejudice as it is at least possible, even if not probable, that Plaintiff could state a claim against these defendants.

IT IS FURTHER RECOMMENDED that Plaintiff be given **one (1)** opportunity to amend his Complaint to state comprehensible causes of action over which the Court has jurisdiction against the named or additional defendants. If Plaintiff so chooses, he must file his amended complaint no later than **February 28, 2023**. The amended complaint must identify the claims he is asserting, the defendants against whom the specific claims are asserted, and the facts that support the harm he alleges by identifying the defendant or defendants involvement in action or inaction that caused the harm.

IT IS FURTHER RECOMMENDED that if Plaintiff fails to file a comprehensible amended complaint by or before February 28, 2023, this matter be dismissed in its entirety without prejudice.

Dated this 23rd day of January, 2023.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).